# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JAMES E. HARRIS,**

    **Plaintiff,**

vs.                                               **Case No. 4:18cv332-MW/CAS**

**RICK SCOTT,**
**PAMELA J. BONDI,**
**and JULIE L. JONES,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, initiated this case by filing a civil rights complaint under 42 U.S.C. § 1983, ECF No. 1. Plaintiff has been granted leave to proceed in forma pauperis in a separate Order entered this day. Accordingly, the complaint has been reviewed as required by 28 U.S.C. § 1915A to determine if it states a claim and service of the complaint should be directed.

Review of Plaintiff's complaint reveals that Plaintiff was convicted of sexual battery. ECF No. 1 at 5. Although Plaintiff does not provide any dates within his complaint, judicial notice is taken than Plaintiff was

convicted of three charges and sentenced to two terms of life imprisonment and a 15-year term of imprisonment on July 19, 2011.[1]  Plaintiff was convicted of sexual battery with a deadly weapon or force likely to cause serious injury, burglary with an assault or battery or with a dangerous weapon, and aggravated battery with a deadly weapon.

Plaintiff claims that the trial court incorrectly applied "80 points" to his score sheet for penetration, claiming that such an act was not proven. ECF No. 1 at 5.  Plaintiff also argued that DNA testing was "inconclusive" and the person who conducted the DNA testing "did not conclude penetration."  *Id.*  He contends that the victim declined an examination and the examining nurse testified at trial that there was no injury or trauma to the victim.  *Id.*  Thus, Plaintiff's contention is that he should not have any points scored for penetration or penetration-related injury.  *Id.*  As relief,

---

[1] Judicial notice is taken, first, of the Florida Department of Corrections' website which shows Plaintiff was sentenced on July 19, 2011.  Second, judicial notice is taken of case number 6:15cv01674-GKS-DCI, a habeas petition filed in the Middle District of Florida, Orlando Division.  Plaintiff did not list this case within his complaint, and falsely stated on the complaint form that he had not initiated any other actions in either state or federal court that relate to the fact or manner of his incarceration.  *See* ECF No. 1 at 4. Question C of the complaint form specifically includes habeas corpus petitions as well as prior civil rights complaints.  *Id.*

Case No. 4:18cv332-MW/CAS

Plaintiff seeks an evidentiary hearing and he is requesting DNA testing pursuant to 42 U.S.C. § 1983. *Id.* at 7.

First, in denying Plaintiff's prior federal § 2254 habeas petition, Senior United States District Judge G. Kendall Sharp specifically rejected the claim that DNA evidence was inconclusive. ECF No. 26 at 8-9, case # 6:15cv01674. The court pointed out that "the trial court noted that the trial records reflect that the DNA evidence was not inconclusive," and went on to discuss the testimony of Kevin Noppinger who performed the DNA testing. *Id.* at 8-9. Mr. Noppinger testified that Plaintiff's DNA sample "was the same" as the "DNA profile he obtained from" swabs of the victim and of a piece of gauze. *Id.* There was no evidence to support Plaintiff's assertion that the DNA evidence was inconclusive. *Id.* at 9.

Moreover, the order denying Plaintiff's federal habeas petition specifically noted that Plaintiff's "semen was found in the victim's vagina and anus." *Id.* at 15. Such a finding refutes Plaintiff's claim that there was insufficient evidence to support additional points in his score sheet for penetration. If that were not enough, "during open[ing] argument, defense counsel told the jury that [Plaintiff] and the victim had consensual sexual

intercourse." *Id.* at 16. Plaintiff's contention about the DNA evidence is refuted by his prior habeas petition.

Second, Plaintiff has named three persons as Defendants in this civil rights case, but Plaintiff has not shown how any Defendant is involved in the events at issue in this case. No factual allegations have been presented which reveal why these persons have been named as Defendants and, moreover, there are no facts which reveal that any named Defendant has violated Plaintiff's constitutional rights.

Third, a § 1983 civil rights case provides a means of vindicating constitutional rights which have been infringed. However, Plaintiff has not alleged the violation of any constitutional right. Instead, Plaintiff has claimed only that his sentence was incorrectly calculated based on an unproven fact. A challenge to the length of one's prison sentence is not an appropriate civil rights claim.

There are two basic ways a prisoner may seek federal relief. One way is by filing a petition for habeas corpus under 28 U.S.C. § 2254. The second way is by filing a complaint under the Civil Rights Act. "These avenues are mutually exclusive: if a claim can be raised in a federal

Page 5 of 8

habeas petition, that same claim cannot be raised in a separate § 1983 civil rights action." Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006). The distinction between these two types of cases is found in "the effect of the claim on the inmate's conviction and/or sentence." Hutcherson, 468 F.3d at 754. "When an inmate challenges the 'circumstances of his confinement' but not the validity of his conviction and/or sentence, then the claim is properly raised in a civil rights action under § 1983." 468 F.3d at 754 (citing Hill v. McDonough, 547 U.S. 573, 579, 126 S. Ct. 2096, 2101, 165 L. Ed. 2d 44 (2006)). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." Muhammad v. Close, 540 U.S. 749, 750, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004) (quoted in Hill, 547 U.S. at 579, 126 S. Ct. at 2101).

Here, although Plaintiff's request for relief does not seek to invalidate his conviction or sentence, Plaintiff's *claim* specifically challenges the lawfulness, or at least the correctness, of his sentence. "If the court determines that the claim does challenge the lawfulness of the inmate's conviction or sentence, then the court must treat the inmate's claim as

raised under § 2254, and it must apply the AEDPA's attendant procedural and exhaustion requirements to the claim." Hutcherson, 468 F.3d at 754. A claim challenging the duration of a prison sentence must be brought pursuant to a § 2254 petition. As noted above, Plaintiff has already done so in the Middle District of Florida. Any request to file a successive habeas petition should be made in that Court.

Finally, it is true that a postconviction claim for DNA testing may properly be pursued in a § 1983 action. Skinner v. Switzer, 562 U.S. 521, 525, 131 S. Ct. 1289, 1293, 179 L. Ed. 2d 233 (2011); see also Bradley v. Pryor, 305 F.3d 1287, 1290 (11th Cir. 2002). Yet the Skinner case involved evidence collected at the scene of the crime which was not tested, and the prisoner had filed motions in state court seeking DNA testing of that evidence, but his motions were denied. Skinner, 562 U.S. at 527-28, 131 S. Ct. at 1294-95. This case is not on a similar footing. Plaintiff has not alleged the denial of any constitutional right. Cunningham v. Dist. Attorney's Office for Escambia Cty., 592 F.3d 1237, 1274 (11th Cir. 2010) (concluding that Cunningham did not establish "any violation of his constitutional rights."). Plaintiff has not alleged that evidence was collected

Page 7 of 8

by law enforcement but not tested. Plaintiff has not alleged that he has requested that state officials conduct additional DNA testing and his request was denied. Plaintiff has not alleged that Florida's procedures for requesting DNA testing is inadequate. Moreover, Plaintiff has not alleged that additional DNA testing will have any relevance to a determination of whether or not there was penetration for purposes of calculating his sentence. Such evidence would not be beneficial. *See* Grayson v. King, 460 F.3d 1328, 1339-40 (11th Cir. 2006) (denying relief in § 1983 case, in part, because there was no possibility that the DNA testing sought would have proved Grayson's innocence or excluded his involvement in the capital murder). For all the foregoing reasons, Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk

of Court to note on the docket that this cause was dismissed pursuant to

28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on October 17, 2018.


    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**